IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**BELAYNEH ZEWDIE,**

  Debtor-Appellant,

v.     Civil No. **PJM 15-2167**

**PNC BANK, N.A.,**

  Appellee

## MEMORANDUM OPINION

This case is on appeal from a Memorandum and Order of the United States Bankruptcy Court for this District. *See In re Zewdie*, 14-14421TJC (Bankr. D. Md. Mar. 21, 2014); *Zewdie v. PNC Bank, N.A.*, 14-313TJC (Bankr. D. Md. May 31, 2014). Debtor-Appellant Belayneh Zewdie brought an adversary proceeding seeking a declaratory ruling that, under a Chapter 13 plan, the mortgage on his primary residence could be bifurcated into a secured claim up to the appraised value of the residence (i.e., $530,000.00) and an unsecured claim on the remaining balance owing on the mortgage (i.e., $219,951.32). Zewdie argued, for various reasons, that 11 U.S.C. § 1322(b)(2) does not prohibit such modification. After a hearing and oral argument, the Bankruptcy Court issued a Memorandum and Order on June 8, 2015, finding that Zewdie was not entitled to bifurcation, and dismissed the adversary proceeding.

On June 22, 2015, Zewdie filed in the Bankruptcy Court a Notice of Appeal to this Court, apparently seeking either review by this Court pursuant to 28 U.S.C. § 158(a), or requesting this

1

Court to certify the case to the Fourth Circuit pursuant to 28 U.S.C. § 158(d)(2)(B).[1] On July 20, 2015, he filed a Motion to Certify Appeal to the United States Fourth Circuit Court of Appeals.[2] By operation of Federal Rule of Bankruptcy Procedure 8006(b), Zewdie's Motion to Certify Appeal became automatically pending before this Court thirty days after Zewdie filed Notice of Appeal.

The Court has reviewed the parties' briefs, the Bankruptcy Court's Memorandum and Order, and the relevant portions of the record. The Court is unpersuaded that the issues raised by Zewdie merit direct appeal to the Fourth Circuit. Zewdie's Motion to Certify Appeal is therefore **DENIED**.

***

Twenty-eight U.S.C. § 158(d)(2) sets forth the standard for the certification of a direct appeal of a bankruptcy case to the circuit court of appeals. This section stipulates that a bankruptcy or district court "shall" certify an appeal if it determines that at least one of three sets of statutory conditions is satisfied. 28 U.S.C. § 158(d)(2)(B). These conditions are:

> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken.

28 U.S.C. § 158(d)(2)(A). The purpose of direct certification in these proceedings is "(i) to provide a quicker and less costly means of resolving significant issues that are inevitably bound for the court of appeals, and (ii) to facilitate the development of more binding precedents in

---

[1] The docket entry ECF No. 26 in the Bankruptcy Court, Adv. No. 14-313TJC, indicates a Notice of Appeal to the Fourth Circuit. It should have simply read "Notice of Appeal."
[2] The Motion to Certify Appeal was then docketed within the general appeal to this Court, ECF No. 1, but not as a Notice of Appeal to the Fourth Circuit.

bankruptcy law." *In re Qimonda AG*, 470 B.R. 374, 382-83 (E.D. Va. 2012) (citing H.R. REP. No. 109-31(1) at 148 (2005), *reprinted as* 2005 U.S.C.A.N. 88, 206). As the Second Circuit has recognized, "[t]he focus of the statute is explicit: on appeals that raise controlling questions of law, concern matters of public importance, and arise under circumstances where a prompt, determinative ruling might avoid needless litigation." *Weber v. United States*, 484 F.3d 154, 158 (2d Cir. 2007). In light of the purposes underlying 28 U.S.C. § 158(d)(2), the Court thus considers direct certification of appeal to be a procedural remedy reserved for exceptional circumstances in which guidance of the circuit court of appeals is necessary.

Such circumstances do not obtain here, since Zewdie has failed to demonstrate that any of the statutory conditions for direct certification of appeal are met.

Zewdie first asserts that the Court should certify direct appeal under 28 U.S.C. § 158(d)(2)(A)(i) because the dispute involves a matter of most urgent public importance. Although "no Congressional guidance and only scant case law [] addresses precisely what qualifies as a matter of public importance under § 158(d)(2)," this ground for direct certification of appeal "should be invoked only in narrow circumstances." *Qimonda AG*, 470 B.R. at 387. Matters of public importance would include decisions affecting a large number of jobs or vital community interests, *see id.* at 386-87 – not a decision regarding what is, in many respects, nothing more than an individual mortgage. The Court thus does not view the first ground for certification to be satisfied.

Zewdie also asserts that decisions from courts inside and outside the Fourth Circuit have interpreted 11 U.S.C. § 1322(b)(2) and the modification of liens on principal residences in divergent ways. Zewdie cites a number of cases in support of this proposition, including cases in the Third and First Circuits and the District of North Carolina. However, Judge Grimm of this

District has rejected the argument that the cases Zewdie cites apply to the circumstances at issue here, *see Birmingham v. PNC, N.A., Inc.*, 2015 WL 4111645, at *6-7 (D. Md. July 7, 2015), and this member of the Court has already adopted his reasoning, *see Abdosh v. Ocwen Loan Servicing, LLC*, 2015 WL 4635103, at *1 (D. Md. July 30, 2015). The Court concludes that 28 U.S.C. § 158(d)(2)(A)(ii) is not satisfied as a basis for direct appeal.

Finally, Zewdie claims that certification should be made based on 28 U.S.C. § 158(d)(2)(A)(iii) because it will advance the progress of his case. Specifically, he argues that his Chapter 13 case and others would move much more quickly if the Fourth Circuit provided a "final word" on the viability of lien avoidances in circumstances such as his own. The Court is unmoved. As noted by PNC Bank in its brief, any delay in Zewdie's Chapter 13 plan confirmation is of Zewdie's own making. He could propose a plan that conformed to the Bankruptcy Court's decision in the adversary proceeding at issue, subject to amendment if the Bankruptcy Court's decision is later reversed on appeal. Instead, he has chosen to propose plans contrary to the Bankruptcy Court's ruling, and then compound the delay by pursuing a very low prospect motion to certify the case to the Fourth Circuit. The Court rejects § 158(d)(2)(A)(iii) as a grounds for certification.

Interestingly, Zewdie does not expressly argue for certification on the basis that there is no controlling precedent from the Fourth Circuit or Supreme Court on this issue. While neither the Fourth Circuit nor the Supreme Court has expressly addressed the validity of Zewdie's arguments to modify the lien on his principal residence, Zewdie's propositions are easily refuted by a plain language reading of § 11 U.S.C. § 1322(b) in conjunction with the statutory definitions of "debtor's principal residence" and "incidental property" under 11 U.S.C. §§

101(13A) and 101(27B), respectively. The Court thus rejects any implicit attempt here to manufacture a novel issue of law for purposes of obtaining direct appeal.

For the foregoing reasons, Zewdie's Petition for Certification of Direct Appeal is **DENIED**. The case, however, remains pending before this Court and counsel shall promptly comply with the rules ordinarily covering appeals from the bankruptcy court to the district court.

A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

October 9, 2015